CRICHTON, J.,
would grant and assigns reasons.
hi respectfully disagree with the majority’s decision to deny this writ application. In my view, the appellate court incorrectly applied the standard of review for allocations of fault set forth by this court in Watson v. State Farm Fire & Casualty Insurance Co. 469 So.2d 967 (La.1985). Applying the Watson factors, the appellate court erred in increasing Officer Milazzo’s fault from 10% to 25% based solely on the officer’s familiarity with the area and the fact that the officer’s vision was partially obstructed by trees and parked vehicles on the side of the road.
The lower courts also inappropriately awarded medical expenses to the plaintiff for the reopening of his surgical wound after his physician released him to normal activities. This court has consistently held that the duty not to injure a victim includes the risk that he may sustain injury to his weakened condition. Younger v. Marshall Industries, Inc. 618 So.2d 866, 869 (La.1993). However, in my view, the circumstances surrounding the plaintiffs softball injury coupled with the testimony of his physician are sufficient to show that the Younger standard is not implicated here. As such, based upon the'facts in this record, the defendant should not be held liable for the costs of the plaintiffs softball injury.